THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELÍAS GUZMÁN SIERRA, Defendant and Appellant.

No. 15137. Argued November 5, 1951.—Decided November 16, 1951.

*Frank Torres* for appellant. *Víctor Gutiérrez Franqui, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court,* and *Frank Vizcarrondo Vivas, Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

Upon searching the residence of Elías Guzmán Sierra under a search warrant duly issued, insular policemen seized, in a coat belonging to Guzmán, three tickets with the numbers 834, 085 and 395, imprinted as follows:

"GIVEN—A PLYMOUTH AUTOMOBILE—to the holder of the ticket bearing the last 3 figures of the First Prize of the ordinary lottery of August 30, 1950.—Francisco Rivera, Resp.— 50¢ share—No. 834." [In the other two tickets, the numbers are 085 and 395].

Guzmán was accused and convicted of a violation of § 4 of Act No. 220 of May 15, 1948, and sentenced to six months in jail. In this appeal he charges the lower court with the commission of five errors which may be synthesized into one, to wit: that the evidence is insufficient to support the judgment since it was not proved that the tickets seized were *bolita* or *boli-pool* tickets.

Police Corporal Luis Pascuali was the only witness for the prosecution. The district attorney correctly summarizes his testimony thus:

"Luis Pascuali testified that on or about August 23, 1950, complying with a search warrant issued by the Municipal Judge of Salinas, he proceeded to search a two-story house, defendant's residence, taking from a pocket of a coat he found in the upper floor of said residence the three tickets referred *to;* . . . that when he made the search, the defendant was at headquarters in an investigation; that those tickets were *bolita*

tickets, and that after seizing them, the defendant was arrested therefor. That he was informed of the crime for which he was being arrested, and that the defendant then claimed that he had bought those tickets from a man in the market, but that he did not know that that was *bolita*. On cross-examination the witness testified that when he went to execute the search warrant he asked a young woman he found in the house, who lived there and that she answered that 'this is where Mr. Elías Guzmán lives.' The witness also testified that upon finding the tickets in the coat pocket he asked whose coat it was and that he was told that it belonged to the defendant, who was the owner of the house."

The three tickets were admitted in evidence without defendant's objection.

A motion for nonsuit was overruled and the only evidence introduced by the defendant was the testimony of Ana María Díaz, the young woman to whom the policeman referred, who corroborated his testimony in part, although she stated positively that Francisco Rivera took the three tickets to the house in order to sell them to the defendant, and that in the latter's absence he gave them to her and she put them in defendant's coat pocket.

Appellant contends that the policeman's mere assertion that the tickets seized were *bolita* tickets is not sufficient to disprove the printed matter on them, that is, that they represent shares of a raffle of a Plymouth automobile. Let us see.

The tickets seized contain certain characteristic elements of the *bolita* or *boli-pool* game, namely, three numbers played in connection with the last three figures of a certain lottery drawing, that of August 30, 1950 (the tickets were seized on August 23) and the amount bet on each one, fifty cents. The policeman identified them as *bolita* tickets. The defendant did not object to the admission of the tickets nor to the policeman's testimony. We deem that this uncontradicted evidence is sufficient. We say that it was not contradicted for what the tickets say is beyond belief, that is, that a Ply-

mouth automobile is being raffled for the total sum of $500, assuming that every three-figure number from 000 to 999 at fifty cents each had been sold.

The judgment will be affirmed.